# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ANGELA R. GATES,

        Plaintiff,

v.

SUN TRUST BANK, *et al.*,

        Defendants.

CIVIL ACTION NO.

1:15-cv-02599-ODE-RGV

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Plaintiff Angela R. Gates ("plaintiff") filed this action against defendants SunTrust Bank, SunTrust Banks, Inc., Wall Street at SunTrust, Inc. ("Wall Street"), SunTrust Student Loan Funding, LLC, Simone Adams ("Adams"), and Audrey Wilson ("Wilson"), collectively referred to as "defendants," alleging claims under 42 U.S.C. § 1981 ("§ 1981"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq. ("Title VII"), and the Age Discrimination in Employment Act , 29 U.S.C. § 621 et seq. ("ADEA"). See [Doc. 1].[1] Plaintiff also asserts state law claims of defamation; libel; slander; negligent supervision, hiring, and retention; negligent infliction of emotional distress; and intentional infliction of emotional distress. [Id.]. In lieu of answering, defendants filed a motion to dismiss, [Doc. 3],

---

[1] The listed document and page numbers in citations to the record refer to the document and page numbers shown on the Adobe file reader linked to the Court's electronic filing database, CM/ECF.

which plaintiff opposes, [Doc. 5], and plaintiff has moved for leave to amend her complaint, [Doc. 10], which defendants oppose, [Doc. 11]. For the reasons that follow, it is **RECOMMENDED** that defendants' motion to dismiss, [Doc. 3], be **GRANTED**, and that plaintiff's motion for leave to amend her complaint, [Doc. 10], be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff was formerly employed as a personal banker at the SunTrust branch in Forest Park, Georgia. [Doc. 1 at 6-7 ¶¶ 15-16, 20]. Plaintiff received positive evaluations and customer reviews over the course of her 30 years of employment with SunTrust, and during the relevant time period, she "maintained the most senior status or held the most seniority of all employees at the Forest Park location of SunTrust."[3] [Id. at 6-7 ¶¶ 15, 18-20, 8 ¶¶ 28, 30]. Nevertheless, plaintiff alleges that during 2013, Adams, the branch manager, "engaged in a campaign to cause harassment, discrimination, embarrassment and a hostile work environment," and

_____

[2] The factual background is taken from the pleadings and supporting exhibits and does not constitute findings of fact by the Court.

[3] Plaintiff listed the other personal bankers at SunTrust as "Adams, an African-American female who is under the age of forty []; Judy Jones [('Jones')], a Caucasian female who is over the age of forty [] and Wanda Holliday [('Holliday')], an African-American female who is under the age of forty []." [Doc. 1 at 8 ¶ 29],

"constantly yelled" at her and sought to disparage her character in the presence of bank customers and members of the general public. [Id. at 8-9 ¶¶ 31-32].

According to her complaint, plaintiff's brother, James Ervin Gates ("Gates"), appointed plaintiff as his general power of attorney in 2004, which permitted plaintiff to "mak[e] [] deposits and withdrawals from [his] financial accounts." [Id. at 7 ¶¶ 23-24]. Plaintiff further alleges that her name was listed on Gates' accounts, including those held at SunTrust. [Id. at 8 ¶ 26]. Gates passed away in November 2013, and plaintiff was listed as the executor in his will. [Id. at 13 ¶¶ 55-56]. Gates' daughters contested plaintiff's role as executor of his estate, and according to plaintiff, Gates' daughters "made a false report to [d]efendants in which they claimed that [p]laintiff misappropriated funds belonging to [Gates]" in his accounts with SunTrust. [Id. at 13 ¶¶ 57-58]. Plaintiff was thereafter subject to an investigation regarding the misappropriation allegations. [Id. at 9 ¶ 35, 13 ¶ 59]. Plaintiff alleges that, after meetings with the management teams at the Forest Park location and at the corporate headquarters, [id. at 9 ¶¶ 36-37], she was informed that "no violation of [d]efendants' policies or procedures had occurred," [id. at 9 ¶ 38, 14 ¶ 61], and that her "manager would decide as to whether [she] would remain employed with [d]efendants," [id. at 14 ¶ 62]. Adams subsequently terminated

plaintiff, [id. at 10 ¶ 39], advising plaintiff that she was required to terminate plaintiff's employment, [id. at 14 ¶¶ 63-64, 15 ¶ 66].

After her termination, plaintiff applied for and obtained unemployment benefits, as "the Georgia Department of Labor . . . determined that [she] did not violate any policies or procedures of [] [d]efendants." [Id. at 10 ¶¶ 40-41]. Plaintiff has attempted to obtain employment with other banks but contends that she is unable to do so because of defendants' negative employment references. [Id. at 10-11 ¶¶ 44-46].

Plaintiff alleges that she filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), [id. at 3 ¶ 3], received a notice of her right to sue dated April 23, 2015, [id. at 42], and thereafter filed this action on July 21, 2015, see generally [Doc. 1]. Defendants move to dismiss plaintiff's complaint for failure to exhaust administrative remedies and failure to state a claim,[4] [Doc. 3-1 at 2-3], and plaintiff moves to amend her complaint to clarify her claims

---

[4] In the alternative, defendants move for a more definite statement. [Doc. 3 at 1]. Because this Report and Recommendation recommends that defendants' motion to dismiss be granted and that plaintiff's motion to amend her complaint be denied, it is **RECOMMENDED** that defendants' alternative motion for a more definite statement be **DENIED AS MOOT**. See Bowdish v. Regions Bank (Dahlonega), Civil Action No. 2:11-CV-00259-RWS, 2012 WL 2018134, at *7 (N.D. Ga. June 5, 2012); Hennington v. Bank of Am., No. 1:10-cv-1350-WSD, 2011 WL 705173, at *5 & n.7 (N.D. Ga. Feb. 18, 2011) ("Because [p]laintiff's motion to amend the complaint is denied, and repleader would be futile, [d]efendants' motion for a more definite statement is moot.").

and correct the parties, [Doc. 10 at 1], and the pending motions, [Docs. 3 & 10], having been fully briefed, are now ripe for ruling.

## II.  DISCUSSION

A.  **Defendants' Motion to Dismiss, [Doc. 3]**

1.  *Standard*

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of an action when the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court must accept plaintiff's allegations as true and construe the complaint in her favor.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993); Tapsoba v. Khiani Alpharetta, LLC, Civil Action No. 1:13–CV–1519–RWS, 2013 WL 4855255, at *1 (N.D. Ga. Sept. 11, 2013).  "However, the court need not 'accept as true a legal conclusion couched as a factual allegation.'"  Smith v. Delta Air Lines, Inc., 422 F. Supp. 2d 1310, 1324 (N.D. Ga. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of [her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp.

v. Twombly, 550 U.S. 544, 555 (2007) (last alteration in original) (citations and internal marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," id. (footnote and citation omitted), as the complaint must contain "enough facts to state a claim to relief that is plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The Supreme Court in Iqbal held:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "show[n]"–"that the pleader is entitled to relief."

Id. at 678-79 (last alteration in original) (citations omitted). "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013), adopted at 1336 (citations and internal marks omitted); see also Glover v. Liggett

6

Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006) (per curiam); Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### 2. *Analysis*

Defendants make several arguments in support of their motion to dismiss, [Doc. 3], which plaintiff opposes, [Doc. 5]. First, defendants contend that plaintiff fails to allege sufficient facts to support her claims of disparate treatment and harassment in violation of § 1981. [Doc. 3-1 at 4-10]. Defendants also assert that plaintiffs' Title VII claims and her claim of age harassment under the ADEA are foreclosed because she failed to exhaust her administrative remedies, and even if she had exhausted her administrative remedies, she fails to state a plausible claim for relief. [Id. at 10-16]. Lastly, defendants argue that plaintiff's age-based discrimination and retaliation claims under the ADEA and her state law claims for defamation, negligent retention and hiring, and negligent and intentional infliction of emotional distress fail to state claims upon which relief can be granted. [Id. at 12-24].

### a. Section 1981

In count one of her complaint, plaintiff appears to assert a claim for disparate treatment and harassment in violation of § 1981 against "the individual and Corporate Defendants." [Doc. 1 at 11-17 ¶¶ 47-78]. Defendants argue that plaintiff's

§ 1981 claim should be dismissed for failure to allege sufficient facts to support such a claim. [Doc. 3-1 at 4]. In particular, defendants contend that plaintiff's disparate treatment claim fails because she has not included facts to show that the alleged comparators were similarly situated in all relevant respects, [id. at 5-9], and that her racial harassment claim likewise fails because her factual allegations show that the harassment was not based on her race, [id. at 9-10]. Plaintiff replies that she "has provided the minimum pleading standard for a cause of action under . . . § 1981[.]" [Doc. 5 at 6].

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts[5] . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981(a) (footnote added). "Thus, § 1981 provides a cause of action for race-based employment discrimination including wrongful termination, retaliation, and a racially hostile work environment." Melton v. Nat'l Dairy LLC, 705 F. Supp. 2d 1303, 1315 (M.D. Ala. 2010). Where § 1981 is used as a remedy for employment discrimination, the elements required to establish a claim under § 1981 mirror those required for a Title VII claim. Howard v. BP Oil Co., 32

---

[5] "Make and enforce contracts" encompasses "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). "Section 1981 thus prohibits a range of material adverse actions in private employment because of race." Willmore-Cochran v. Wal-Mart Assocs., Inc., 919 F. Supp. 2d 1222, 1233 (N.D. Ala. 2013) (citation omitted).

F.3d 520, 524 n.2 (11th Cir. 1994) (citation omitted); Brown v. Am. Honda Motor Co., 939 F.2d 946, 949 (11th Cir. 1991) (citation omitted); see also Alford v. Martin & Gass, Inc., 391 F. App'x 296, 302 (4th Cir. 2010) (per curiam) (unpublished) (citation omitted) ("[T]he elements of a hostile work environment claim are the same under Title VII and § 1981."); Hale v. Mingledorff, Civil Action No. 2:13-CV-0228-RWS, 2014 WL 7012772, at *11 (N.D. Ga. Dec. 11, 2014), adopted at *1 (citation and internal marks omitted) ("The analysis of a disparate treatment claim is the same whether that claim is brought under Title VII [or] § 1981[.]").

### 1. *Disparate Treatment Claim*

To establish a prima facie case of race discrimination under § 1981, plaintiff must show that: "1) [s]he is a member of a protected class; 2) [s]he was qualified for the position; 3) [s]he suffered an adverse employment action; and 4) [s]he was replaced by someone outside [her] protected class or 'was treated less favorably than a similarly-situated individual outside [her] protected class.'" DeLeon v. ST Mobile Aerospace Eng'g, Inc., 684 F. Supp. 2d 1301, 1327 (S.D. Ala. 2010) (quoting Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 2003)). However, "[a] complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss." Henderson v. JP Morgan Chase Bank, N.A., 436 F. App'x 935, 937 (11th

Cir. 2011) (per curiam) (unpublished) (citing <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002)).  "But complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." <u>Id.</u> (citation omitted).  "So [plaintiff's complaint ha[s] to contain 'sufficient factual matter' to support a reasonable inference that [defendants] engaged in racial discrimination against [her]." <u>Id.</u>[6]  In fact, "a complaint that 'provides no . . . detail manifesting any form of racial animus, discriminatory works, prior incidents or other indications that . . . race played a role in [the employer's] decision to dismiss [her]' is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2)."  <u>Liburd v. Bronx Lebanon Hosp. Ctr.</u>, No. 07

---

[6] That is, the "Eleventh Circuit recognize[s] the *Twombly* standard as controlling." <u>Ashmore v. F.A.A.</u>, No. 11-CV-60272, 2011 WL 3915752, at *3 (S.D. Fla. Sept. 2, 2011) (alteration in original) (citation and internal marks omitted).  "Thus, it appears that a plaintiff establishing a *prima facie* case of discrimination under *McDonnell* likely survives a Rule 12(b)(6) motion." <u>Id.</u>  "However, when a plaintiff falls short of such a *prima facie* case the court must determine whether the plaintiff may nevertheless alleged enough to survive a Rule 12(b)(6) motion." <u>Id.</u>  In particular, "factual allegations must not be merely formulaic recitations of elements of a discrimination claim, but must instead provide enough content to suggest there was intentional discrimination based on a protected trait."  <u>Baker v. Hafez Corp.</u>, Civil Action No. 13-00641-KD-N, 2014 WL 1760976, at *9 (S.D. Ala. May 2, 2014), adopted at *1; <u>see also</u> <u>Henderson</u>, 436 F. App'x at 937 (citation omitted) (noting plaintiff could meet this standard by "alleging facts showing that similarly-situated [comparators] outside of her racial class were offered more favorable [] terms").  "If not, the allegations are merely conclusory and not assumed to be true, and the complaint is subject to dismissal." <u>Baker</u>, 2014 WL 1760976, at *9 (citations omitted); see also <u>id.</u> (alteration in original) ("Moreover, there must be enough facts (taken as true) to make discrimination a more likely explanation.").

Civ. 11316(HB), 2008 WL 3861352, at *5 (S.D.N.Y. Aug. 19, 2008) (alterations in original) (citations omitted).

Plaintiff alleges that her employment was terminated even though she was "exonerated" of any misappropriation allegations, that Jones remained employed "despite having a prior disciplinary history," that Adams likewise remained employed "despite being arrested and incarcerated for acts of violence that occurred at a Clayton County School," and that no adverse action was taken against the other personal bankers employed at the same location. [Doc. 1 at 9 ¶ 38, 10 ¶¶ 39, 42, 14 ¶ 61, 15 ¶ 69].

Plaintiff's complaint does not contain sufficient factual allegations for her disparate treatment claim under § 1981 to survive defendants' motion to dismiss. While plaintiff has alleged that she was terminated from her employment, she "pleaded no facts indicating any correlation whatsoever between her race and the decision to terminate her employment." Bradford v. Regions Fin. Corp., Civil Action No. 2:13-CV-00642-KOB, 2013 WL 3381375, at *3 (N.D. Ala. July 8, 2013); Enadeghe v. Ryla Teleservices, Inc., Civil Action File No. 1:08-CV-3551-TWT, 2010 WL 481210, at *7 (N.D. Ga. Feb. 3, 2010), adopted at *1 ("Plaintiff does not allege any facts indicating that unlawful race discrimination was the reason for her termination.").

Moreover, the assertion in her complaint that Jones remained employed despite having a prior disciplinary record, [Doc. 1 at 15 ¶ 69], as defendants point out, [Doc. 3-1 at 6], fails to plausibly suggest that defendants intentionally discriminated against plaintiff by terminating her employment because of her race, ethnicity, or color, as Jones is not an adequate comparator.[7] Indeed, "[t]o be an adequate comparator, the individual outside the plaintiff's protected class must be similarly situated in all relevant aspects." Hale, 2014 WL 7012772, at * 12 (internal

_____

[7] In addition to Jones, plaintiff claims that other white employees have maintained their employment despite having a prior disciplinary record. [Doc. 1 at 15 ¶ 69]. However, according to the factual allegations of her complaint, Jones was the only non-African-American employee employed as a personal banker, which was plaintiff's position at SunTrust before her termination, see [Doc. 1 at 8 ¶ 29], and "comparator employees must be similarly situated in all relevant respects," Provine v. Ambulatory Health Servs., Inc., Civil Action No. 4:13-CV-0334, 2014 WL 47771, at *3 (M.D. Pa. Jan. 6, 2014) (citations omitted), including holding positions similar to plaintiff's, see Hale, 2014 WL 7012772, at *13. Moreover, plaintiff's allegation of other unidentified white employees having a "prior disciplinary record" is "conclusory and devoid of sufficient factual enhancement to plausibly suggest that [d]efendants intentionally discriminated against plaintiff because of [her] race." Id. at *12. Plaintiff also appears to offer Adams as a comparator as she contends that "Adams[,] despite being arrested and incarcerated for acts of violence that occurred at a Clayton County School, has been allowed to maintain her employment with [d]efendants without any sanction or discipline." [Doc. 1 at 10 ¶ 42]. Adams is not an adequate comparator in this case. First, the individual must be outside of the plaintiff's protected class, see Hale, 2014 WL 7012772, at *12 (citation omitted), but according to plaintiff's complaint, Adams is African-American, [Doc. 1 at 8 ¶ 29]. Also, Adams held a supervisory position, see [id. at 10 ¶ 43], and her alleged misconduct differs significantly from the allegation that plaintiff misappropriated funds, see Haskins v. Nicholson, 900 F. Supp. 2d 712, 727 (S.D. Miss. Aug. 8, 2012) (citation omitted).

marks omitted) (quoting <u>Peters v. HealthSouth of Dothan, Inc.</u>, 542 F. App'x 782, 786 (11th Cir. 2013) (per curiam) (unpublished)).  The Eleventh Circuit requires that "the quantity and quality of the comparator's misconduct be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." <u>Id.</u> (citation and internal marks omitted); <u>see also</u> <u>Maniccia v. Brown</u>, 171 F.3d 1364, 1368-69 (11th Cir. 1999) (citation omitted).

Plaintiff has not alleged that Jones, a white employee, was ever accused of misappropriating funds.  <u>See</u> <u>Butler v. DeKalb Cty. Sch. Dist.</u>, No. 1:14-cv–1768-WSD, 2015 WL 4598292, at *11 (N.D. Ga. July 29, 2015).  Instead, she simply asserts that Jones had a "prior disciplinary record" without including any factual allegations to suggest what the prior record involved, and "[i]n the absence of such factual enhancement, [p]laintiff's conclusory allegation[] [is] insufficient to state a claim of race discrimination."  <u>See</u> <u>Hale</u>, 2014 WL 7012772, at *13 (footnote and citations omitted); <u>see also</u> <u>Moultrie v. NYS Dep't of Corr. & Cmty. Supervision</u>, No. 13-cv-5138 (NSR), 2015 WL 2151827, at *4 (S.D.N.Y. May 7, 2015) (citation omitted) (finding one of plaintiff's alleged comparators "who was 'arrested and criminally charged'" was "too vague to meet the pleading standard to raise an inference of discrimination" as plaintiff "provide[d] no details about [the comparator's] conduct"); <u>Scruggs v. Water Works Bd. of the City of Birmingham</u>, Civil Action No.

2:14-CV-1329-WMA, 2014 WL 5325750, at *5 (N.D. Ala. Oct. 20, 2014) (noting two of

the comparators alleged by plaintiff were insufficient to give rise to an inference of

discrimination as "the complaint alleges no facts to show that they [were] similarly

situated to [plaintiff]"); Thompson v. N.Y.C., No. 12 Civ. 8034(PAE), 2013 WL

6409326, at *8 (S.D.N.Y. Dec. 9, 2013) (citation and internal marks omitted) (finding

plaintiffs' general allegations regarding alleged comparators were "insufficient to

render plausible the inference of discriminatory intent" as plaintiffs did "not specify

the . . . nature of [the] alleged misconduct").  Because plaintiff has not plausibly

alleged that a similarly situated individual outside of her protected class engaged

in conduct nearly identical to plaintiff's but received more favorable treatment, it is

**RECOMMENDED** that plaintiff's claim for discrimination based on race, color, and

ethnicity under § 1981 be **DISMISSED** for failure to state a claim.  See Glover v.

Donahoe, No. CV-13-BE-2040-E, 2014 WL 4829500, at *6-7 (N.D. Ala. Sept. 29, 2014),

aff'd, 626 F. App'x 926 (11th Cir. 2015).[8]

_____

[8] In her response to defendants' motion to dismiss, plaintiff argues that
defendants have demanded that she "have possession of information that is
contained within [] Jones' personnel file at this early stage of the litigation." [Doc.
5 at 5].  She further submits that "[s]uch a requirement is not required under . . . §
1981 . . ., nor is the same feasible at this stage of the litigation," [id.], and that she
"expect[s] to obtain additional information regarding the disciplinary action and
allegations pertaining to [d]efendants' Caucasian employees during the course of
this litigation," [id. at 6].  Plaintiff has not provided any citations to support her
assertion, see [id. at 5-7], and "[t]he [C]ourt is of the firm belief that facts necessary
to state a cause of action must be stated in the complaint and that a plaintiff should

## 2. *Racial Harassment Claim*

To establish a prima facie case for a hostile work environment under § 1981, a plaintiff must show the following five elements:

> (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the plaintiff; (4) that the harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment either under a theory of vicarious or of direct liability.

Newman v. Career Consultants, Inc., 470 F. Supp. 2d 1333, 1348-49 (M.D. Ala. 2007)

(citing Miller v. Kenworth of Dothan, Inc., 277 F.3d 1269, 1275 (11th Cir. 2002)). "[I]n order to state a discriminatory hostile work environment claim, the plaintiff must allege 'factual circumstances that permit the inference that the plaintiff was subjected to a hostile work environment because of her [protected characteristic].'" Haggood v. Rubin & Rothman, LLC, No. 14-cv-34L (SJK)(AKT), 2014 WL 6473527, at *16 (E.D.N.Y. Nov. 17, 2014) (last alteration in original) (citation omitted) (quoting

---

not be allowed to file a suit and conduct discovery to see if [s]he, in fact, has a case," Lazarre v. JPMorgan Chase Bank, N.A., 780 F. Supp. 2d 1320, 1329 n.16 (S.D. Fla. 2011) (first and second alterations in original) (citation and internal marks omitted). Indeed, discovery "is not intended to allow a plaintiff to go on a fishing expedition to see if the speculative complaint that [s]he has filed has any basis in fact." Id. (citation and internal marks omitted). Thus, plaintiff's argument is without merit.

Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 716 F.3d 10, 14 (2d Cir. 2013) (per curiam)).

In her complaint, plaintiff alleges that in 2013, "Adams engaged in a campaign to cause harassment, discrimination, embarrassment and a hostile work environment against [p]laintiff," by "constantly yell[ing] at and s[eeking] to disparage [her] character in the presence of [] customers and members of the general public" and "announc[ing] that [she] was not the owner of this bank in response to customers' deference to [her] financial advice and customer service."[9]  [Doc. 1 at 8 ¶ 31, 9 ¶¶ 32-33].  Plaintiff further alleges that none of these actions were taken against the other personal bankers employed at SunTrust.  [Id. at 9 ¶ 34, 13 ¶ 54].  She claims that Wilson "permitted [] Adams to engage in th[is] conduct of intimidation and harassment and humiliation," "to terminate [p]laintiff's employment," and "to publically [sic] mistreat, embarrass and humiliate [p]laintiff." [Id. at 16 ¶¶ 72-75].

Plaintiff's complaint fails to allege a plausible claim that any harassment she experienced was because of her protected characteristics.  In fact, her allegations are that the harassment Adams allegedly engaged in was not the result of any protected

---

[9] Plaintiff also asserts that in 2011, 2012, and 2013, "Adams engaged in a practice in which she sought to ridicule, embarrass and shame [p]laintiff as a result of the positive relationships that [she] created during the court of her employment with [d]efendants."  [Doc. 1 at 12 ¶ 52].

characteristic, but as defendants point out, [Doc. 3-1 at 9-10], "a result of the positive relationships that [p]laintiff created during the course of her employment," and Adams' efforts "to establish her dominance over [p]laintiff as the Branch Manger" and to "disparage [p]laintiff's character in the presence of [d]efendants' customers and members of the general public," [Doc. 1 at 9 ¶ 32, 12 ¶ 52]. Plaintiff's allegations do not support a plausible claim that plaintiff's race, color, or ethnicity played any part in Adams' behavior toward her, and thus, plaintiff's claim for racial harassment in violation of § 1981 is due to be dismissed. See Edwards v. Prime, Inc., 602 F.3d 1276, 1301 (11th Cir. 2010) (affirming district court's dismissal of plaintiff's claim for hostile work environment under § 1981 because he "d[id] not plausibly allege that he was harassed because [of his race]" where his allegations showed that he was harassed because of a reason unrelated to any protected characteristic); Phillips v. United Parcel Serv., No. 3:10-CV-1197-G-BH, 2011 WL 2680725, at *7 (N.D. Tex. June 21, 2011), adopted by 2011 WL 2678949, at *1 (N.D. Tex. July 8, 2011), aff'd, 485 F. App'x 676 (5th Cir. 2012) (per curiam) (unpublished) (dismissing plaintiff's claim of racial harassment because there were "no [] factual allegations in the complaint to suggest that the alleged actions were taken based on her race").[10] Accordingly, it is

_____

[10] Plaintiff's complaint alleges that defendants "discriminated against [her] in the performance of her employment contract and in the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship by creating, encouraging and condoning a hostile work environment in which disparate

hereby **RECOMMENDED** that plaintiff's § 1981 claim for hostile work environment be **DISMISSED** for plaintiff's failure to state a claim.

### b.    Title VII

Plaintiff alleges claims of race and color discrimination and hostile work environment in violation of Title VII against the "corporate defendants." [Doc. 1 at 17-20 ¶¶ 79-88, 27-29 ¶¶ 120-29]. Defendants contend that plaintiff's claims under Title VII must be dismissed because she failed to exhaust her administrative remedies. [Doc. 3-1 at 10-12]. Plaintiff responds that she has exhausted her administrative remedies. [Doc. 5 at 7]. Specifically, she asserts that her race and color discrimination claims and her claim for hostile work environment were within the scope of the EEOC investigation. [Id. at 7-9].

"Before filing suit under Title VII . . ., a plaintiff must exhaust the available administrative remedies by filing a charge with the EEOC." Anderson v.

---

treatment and discipline based on race, ethnicity, and color were pervasive, all in violation of . . . § 1981," [Doc. 1 at 11-12 ¶ 50], and that "but for her race and color as an African-American, [she] would not have been subjected to the different and negative treatment that she received from [] Adams," [id. at 15 ¶ 70]; see also [id. at 17 ¶ 77]. However, these "broad statement[s] . . . [are] merely a formulaic recitation of the elements of a [§ 1981] claim and, standing alone, do[] not satisfy the pleading standard of . . . Rule 8." Grissett v. H.J. Baker Bros., CIVIL ACTION 15-0072-WS-C, 2015 WL 5734452, at *3 (S.D. Ala. Sept. 30, 2015) (last alteration in original) (citation and internal marks omitted) (finding plaintiff's statement that defendant created a hostile work environment was not sufficient to state a claim).

Embarq/Sprint, 379 F. App'x 924, 926 (11th Cir. 2010) (per curiam) (unpublished) (citations omitted); see also Edwards v. Nat'l Vision Inc., 568 F. App'x 854, 859 (11th Cir. 2014) (per curiam) (unpublished) (citation omitted); Francois v. Miami Dade Cty., Port of Miami, 432 F. App'x 819, 821 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted); Poulsen v. Publix Super Mkts., Inc., 302 F. App'x 906, 907 (11th Cir. 2008) (per curiam) (unpublished) (footnote and citations omitted); Canty v. Fry's Elecs., Inc., 736 F. Supp. 2d 1352, 1372 (N.D. Ga. 2010), adopted at 1364 (citations omitted).  A plaintiff pursuing a private civil action under Title VII must first timely file a charge of discrimination "within one hundred and eighty days after the alleged unlawful employment practice occurred[.]" 42 U.S.C. § 2000e-5(e)(1); Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002); Gay v. AirTran Airways, Inc., 427 F. App'x 743, 745 (11th Cir. 2011) (per curiam) (unpublished) (citation omitted).[11]  "If an employee fails to file an EEOC charge before the 180-day limitations period elapses, . . . her subsequent lawsuit is procedurally barred and must be dismissed for failure to exhaust . . . her administrative remedies."   Maxwell v. Inner Harbour, Ltd., Civil Action No.

---

[11] "The 180 day filing period begins to run from the date the adverse employment decision is communicated to the employee."  Barnes v. Hillhaven Rehab. & Convalescent Ctr., 686 F. Supp. 311, 312 (N.D. Ga. 1988) (citing Chardon v. Fernandez, 454 U.S. 6 (1981); Del. State Coll. v. Ricks, 449 U.S. 250 (1980)).  The same is true even if the decision does not take effect until after the communication. Ricks, 449 U.S. at 258.

1:08-CV-2925-RWS, 2009 WL 1045478, at *2 (N.D. Ga. Apr. 20, 2009) (citing <u>Brewer</u> <u>v. Alabama</u>, 111 F. Supp. 2d 1197, 1204 (M.D. Ala. 2000)).

Although a plaintiff's failure to include allegations of a particular type of discrimination or discriminatory act in an EEOC charge does not necessarily preclude a judicial complaint based on such allegations, "the 'scope' of the judicial complaint is limited to the 'scope' of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." <u>Sanchez v. Standard</u> <u>Brands, Inc.</u>, 431 F.2d 455, 466 (5th Cir. 1970)[12]; <u>see also</u> <u>Anderson</u>, 379 F. App'x at 926; <u>Chanda v. Engelhard/ICC</u>, 234 F.3d 1219, 1225 (11th Cir. 2000); <u>Dickey v.</u> <u>Crawford Cty. Sch. Dist.</u>, Civil Action No. 5:10-cv-356 (CAR), 2011 WL 482716, at *3 (M.D. Ga. Feb. 7, 2011) (citation omitted). The EEOC's investigatory function lies at the heart of the statutory scheme for remedying employment discrimination. <u>Smith</u> <u>v. Sentry Ins.</u>, 674 F. Supp. 1459, 1467 (N.D. Ga. 1987); <u>see also</u> <u>Freeman v. Koch</u> <u>Foods of Ala.</u>, 777 F. Supp. 2d 1264, 1276 (M.D. Ala. 2011).

"When considering the extent of a reasonable investigation by the EEOC, courts begin with the EEOC charge itself, with a particular focus on the factual statement contained therein." <u>Freeman</u>, 777 F. Supp. 2d at 1277 (citation omitted).

---

[12] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding upon panels of the Eleventh Circuit. <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

"Claims that amplify, clarify, or more clearly focus earlier complaints are appropriate, but [a]llegations of new acts of discrimination, offered as the essential basis for the requested judicial review are not appropriate." <u>Gay</u>, 427 F. App'x at 745 (alteration in original) (citations and internal marks omitted). A judicial complaint, however, may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation because the EEOC has had the opportunity to effect voluntary compliance with the law prior to the filing of a civil action. <u>Smith</u>, 674 F. Supp. at 1467; <u>see also</u> <u>Montgomery v. Atlanta Family Rests., Inc.</u>, 752 F. Supp. 1575, 1580 (N.D. Ga. 1990), adopted at 1576-77 (holding that claims in the plaintiff's complaint which were not specifically alleged in her EEOC charge but which were part of the EEOC's investigation were reasonably related to the conduct alleged in the formal EEOC charge). Finally, "where [] defendant[s] in a Title VII . . . discrimination case assert[] that the plaintiff has not satisfied all conditions precedent to filing suit, including, for example, the timely filing of an EEOC Charge, the plaintiff bears the burden of proving that the conditions precedent . . . have been satisfied . . . ." <u>Jackson v.</u> <u>Meadwestvaco Coated Bd., Inc.</u>, No. 3:09-cv-695-MEF, 2010 WL 4000614, at *5 (M.D. Ala. Sept. 22, 2010), adopted by 2010 WL 3999084, at *1 (M.D. Ala. Oct. 12, 2010) (fifth and sixth alterations in original) (citations and internal marks omitted); <u>Kerr</u>

v. McDonald's Corp., 333 F. Supp. 2d 1352, 1358 (N.D. Ga. 2004) (citations omitted), aff'd, 427 F.3d 947 (11th Cir. 2005) (per curiam).

Plaintiff alleges in her complaint that she "filed a timely Charges [sic] of Discrimination with the [EEOC] and received Right to Sue Letters dated April 23, 2015." [Doc. 1 at 3 ¶ 3 (citation omitted)]. Although she attached her right to sue letter to the complaint, [id. at 42-43], she has not attached to her complaint or otherwise provided to the Court her actual charge of discrimination. Defendants have attached to their motion to dismiss copies of the two Notices of Charge of Discrimination and the Initial Charge Letter they received from the EEOC.[13] [Doc.

---

[13] Generally, when ruling on a motion to dismiss, the Court "may not consider matters outside the pleadings without converting the motion to a motion for summary judgment[.]" Redding v. Tuggle, No. 1:05-cv-2899-WSD, 2006 WL 2166726, at *5 (N.D. Ga. July 31, 2006), adopted at *1; see also Johnson v. Unique Vacations, Inc., 498 F. App'x 892, 894 (11th Cir. 2012) (per curiam) (unpublished) (footnote and citations omitted) ("When a court considers matters outside of the pleadings in a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the court converts that motion into a motion for summary judgment."). However, "[i]n ruling on a motion to dismiss, the district court may consider an extrinsic document if (1) it is central to the plaintiff's claim, and (2) its authenticity is not challenged." Chestnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228 (N.D. Ga. 2013) (citing Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010)). "In addition, 'the court may consider public records on a motion to dismiss without converting the motion to one for summary judgment.'" Patterson v. WMW, Inc., Civil Action File No. 1:11-CV-3172-WSD-SSC, 2012 WL 3261290, at *3 (N.D. Ga. June 15, 2012), adopted by 2012 WL 3260619 (N.D. Ga. Aug. 8, 2012) (citation omitted). Because both the Notices of Charge of Discrimination along with the Initial Charge Letter are central to plaintiff's claims, see Cobb v. Marshall, 481 F. Supp. 2d 1248, 1254 n.2 (M.D. Ala. 2007), and are public records, and neither the plaintiff nor defendants challenge the authenticity of the notices or

3-2 at 2-7]; <u>see also</u> [Doc. 3-1 at 2-7].

On June 5, 2014, the EEOC sent Lori S. Thomas ("Thomas"), senior employment counsel for SunTrust Bank, a Notice of Charge of Discrimination. [Doc. 3-2 at 2]. The notice stated that plaintiff had filed a charge of employment discrimination under the ADEA, alleging age discrimination and retaliation that occurred on December 19, 2013, but a copy of the charge was not enclosed. <u>See</u> [<u>id.</u>]. On August 12, 2014, another Notice of Charge of Discrimination was sent to Thomas, which similarly noted that plaintiff claimed age discrimination and retaliation in violation of the ADEA. [<u>Id.</u> at 3]. A copy of the charge was enclosed

_____

the letter, [Docs. 3-1 & 5], the Court will consider the Notices of Charge of Discrimination and the Initial Charge Letter in ruling on the defendants' motion to dismiss, without converting it to a motion for summary judgement, <u>see</u> <u>Ambus v. Autozoners, LLC</u>, 938 F. Supp. 2d 1225, 1231 n.3 (M.D. Ala. 2013) (considering notice of charge of discrimination on motion to dismiss); <u>Peterson v. Archstone</u>, 601 F. Supp. 2d 123, 127 (D.D.C. 2009) (considering both the notice of charge of discrimination and the charge of discrimination, both of which were attached to defendant's motion to dismiss; <u>see also</u> <u>Latson v. Holder</u>, 82 F. Supp. 3d 377, 386 (D.D.C. 2015) (alterations in original) (citation omitted) ("Where, as here, the defendant alleges a failure to exhaust administrative remedies under Title VII and the ADEA, the Court, in addition to the pleadings, 'may consider [the] [p]laintiff's EEOC Complaint and Notice of Charge . . . without converting the motions to dismiss.'"). The actual EEOC charge was not attached to plaintiff's complaint or provided with defendants' motion to dismiss, <u>see</u> [Docs. 1 & 3], but since defendants have challenged whether plaintiff exhausted her administrative remedies, it is her burden to prove that she has satisfied this prerequisite, <u>see</u> <u>Jackson</u>, 2010 WL 4000614, at *4 (citations omitted), yet plaintiff has failed to satisfy her burden with respect to her Title VII claims and her ADEA harassment claim as discussed hereinafter.

with this notice.  [Id.].  The "Initial Charge Letter," [Doc. 3-2 at 5-7 (all caps omitted)], written by plaintiff's counsel and dated June 4, 2014, included the following allegations:

> [Plaintiff] was employed as a Banking Officer/Personal Banker at the employer's Forest Park, Georgia location.  In October 2004, [plaintiff's] brother, [Gates], granted [plaintiff] a power of attorney.  This power of attorney granted [her] the authority to make any and all financial transactions on [] Gates' behalf.

> In 2013, [plaintiff's] brother became ill.  It became necessary for [plaintiff] to perform all of the banking transactions for her brother. [] Gates, [plaintiff's] brother, maintained checking accounts with the SunTrust Banking institution.  [Plaintiff] would make deposits and withdrawals from the accounts on behalf of her brother.  The monies she withdrew were utilized to care for her nieces, the children of [] Gates.

> Unfortunately, [] Gates became deceased on November 10, 2013. [Plaintiff] was nominated as the Executor and Trustee in [] Gates' Last Will and Testament.

> The issue of [plaintiff] serving as the Executor and Trustee was highly contested by [] Gates' daughters.  There was a case filed in the Probate Court of Clayton County.  Allegations were made that [plaintiff] improperly utilized funds belonging to [] Gates.

> No evidence was ever produced that demonstrated that [plaintiff] misappropriated funds belonging to her brother.  Nevertheless, [plaintiff] was terminated from her position of employment with SunTrust Bank. [Plaintiff's] termination occurred on December 19, 2013.

> To [plaintiff's] knowledge, [there was] no investigation or inquiries regarding the issue of [her] management of her brother's accounts. [Plaintiff] has never received any disciplinary action during the course of her 29 years as an employee of SunTrust Bank.  [She] was never

notified of the specific policy or code violation she committed by serving as the Power of Attorney of her brother's accounts. [She] has not been subjected to any criminal investigation or charges as a result of her serving as the Power of Attorney of her brother's financial accounts.

[Doc. 3-2 at 6-7]. The Initial Charge Letter included the following description of plaintiff's claims of discrimination:

[Plaintiff] is also asserting a claim for age discrimination because she was summarily terminated after being employed for nearly thirty (30) years with SunTrust Bank in violation [of] the ADEA despite the fact that younger employees have received the benefit of the investigation and disciplinary process that is utilized by the Employee Relations Department of SunTrust Bank. [Plaintiff][14] is also claiming retaliation because her employment was terminated due to unproven allegations that may have been made by her nieces in a civil court proceeding.

[Id. at 7 (footnote added)].

Plaintiff's complaint in this Court alleges race and color discrimination and harassment in violation of Title VII, among other claims. [Doc. 1 at 17-20 ¶¶ 79-88, 27-29 ¶¶ 120-29]. According to the Notices of Charge of Discrimination and the Initial Charge Letter, plaintiff's EEOC charge only alleged age discrimination and retaliation in violation of the ADEA. [Doc. 3-2 at 2-7]. Generally, "a Title VII plaintiff cannot bring any claim in a lawsuit that was not included in . . . her EEOC charge," or that was not like or related to the claims asserted by her in the EEOC

_____

[14] The Initial Charge Letter actually states that "Ms. Vaughn" makes this claim. [Doc. 3-2 at 7]. However, the Court presumes that this was an error.

charge.  <u>Gary v. Menlo Logistics Global Transp. Servs., Inc.</u>, Civil Action No. 1:06-CV-2139-TWT, 2007 WL 528096, at *4 (N.D. Ga. Feb. 13, 2007), adopted at *1 (citations omitted); <u>see also</u> <u>Collins v. Fulton Cty. Sch. Dist.</u>, Civil Action No. 1:12-CV-1299-ODE-JSA, 2012 WL 7802745, at *14 (N.D. Ga. Dec. 26, 2012) (citations omitted).  Plaintiff does not argue that she asserted any Title VII claims in her EEOC charge.  Rather, she contends that all of her claims before this Court "were addressed during the course of [her] administrative investigation," and thus, "are eligible to be asserted as a cause of action within this litigation."  [Doc. 5 at 8].  In particular, plaintiff alleges that "the issues of hostile work environment and race/color based discrimination were specifically addressed during the course of [her] [EEOC] investigation."  [<u>Id.</u> at 9].[15]

_____

[15] In support of her argument, plaintiff has attached to her response emails that her counsel exchanged with the EEOC investigator.  [Doc. 5-1 at 2-12].  As noted already, the Court can not consider matters outside the pleadings when ruling on a motion to dismiss, <u>Johnson</u>, 498 F. App'x at 894 (citations omitted), and thus, will not consider the emails attached to plaintiff's response in ruling on the motion to dismiss, <u>see</u> <u>Latson</u>, 82 F. Supp. 3d at 386 (converting the motion to dismiss to a motion for summary judgment where the parties relied on extrinsic documents, "such as emails from the plaintiff that attempt to amend her administrative complaint"); <u>Stevens v. Walts Drive-A-Way</u>, No. 3:13-cv-175-TWP-WGH, 2014 WL 2930345, at *2-3 (S.D. Ind. June 27, 2014) (noting that the documents plaintiff attached to his response, including correspondence with the EEOC, cannot properly be considered at this stage).  However, even if the Court were to consider the emails, it would not alter the analysis because, as defendants argue, [Doc. 6 at 5], the emails confirm that the EEOC's investigation did not include claims of race or color based discrimination or harassment in violation of Title VII, <u>see</u> [Doc. 5-1 at 2-12 (containing only references to plaintiff's claims of age discrimination and retaliation

While a judicial complaint may include any allegations investigated by the EEOC, even if the investigation was broader than the EEOC charge triggering the investigation, see Smith, 674 F. Supp. at 1467; see also Atlanta Family Rests., Inc., 752 F. Supp. at 1590 (holding that claims in the plaintiff's complaint that were not specifically alleged in her EEOC charge but which were part of the EEOC's investigation were reasonably related to the conduct allege din the formal EEOC charge), there is nothing before the Court to suggest that the EEOC's investigation actually included these claims, see generally [Doc. 1]. Moreover, since the record only indicates that plaintiff complained to EEOC about age discrimination and retaliation, "[a]n investigation into these new allegations in [p]laintiff's [c]omplaint could not reasonably be expected to grow out of [p]laintiff's EEOC charge," Scott v. Kindred Hosps. Ltd. P'ship, No. 1:06-cv-76-WSD-GGB, 2006 WL 2523093, at *4 (N.D. Ga. Aug. 28, 2006), adopted at *4; see also Green v. Elixir Indus., Inc., 152 F. App'x 838, 841 (11th Cir. 2005) (per curiam) (unpublished) (finding a hostile work environment claim was not like or related to the allegations contained in the EEOC charge where the "date of his termination [was listed] as both the earliest and latest date of discriminatory conduct"); Proctor v. D.C., 74 F. Supp. 3d 436, 456-57 (D.D.C.

---

under the ADEA)], and as discussed in more detail hereinafter, in her reply in support of her motion to amend, plaintiff essentially concedes that she did not present any Title VII claim to the EEOC, as she acknowledges that the EEOC's investigation focused solely on her age, see [Doc. 13 at 9 n.1].

2014) (finding plaintiff failed to exhaust her administrative remedies for her Title VII race claims where she "filed a charge with the EEOC alleging age discrimination and retaliation–but not race discrimination"); Canty, 736 F. Supp. 2d at 1372-73 (citations omitted) ("Plaintiff only checked the box indicating discrimination on the basis of age," and "[b]ecause [his] EEOC charge does not reference discrimination on the basis of race . . ., the Court cannot conclude that the EEOC's investigation of [p]laintiff's . . . charge would have reasonably encompassed his race discrimination claims."); Buffington v. Gen. Time Corp., 677 F. Supp. 1186, 1194 (M.D. Ga. 1988) (finding plaintiff's age claims were not like or related to her race claims in her EEOC charge). Accordingly, it is **RECOMMENDED** that plaintiff's claims for discrimination based on race and color and hostile work environment under Title VII be **DISMISSED** for failure to exhaust administrative remedies.

### c. ADEA

Plaintiff brings claims against the "corporate defendant" for age discrimination, hostile work environment, and retaliation in violation of the ADEA. [Doc. 1 at 20-27 ¶¶ 89-119]. Defendants contend that plaintiff failed to exhaust her administrative remedies with respect to the ADEA harassment claim, [Doc. 3-1 at 13], and that she has failed to state claims for discrimination and retaliation under the ADEA, [id. at 12-14, 16-19].

### 1.    *Hostile Work Environment Claim*

"Like Title VII, the ADEA requires an individual alleging age discrimination in employment first to file a charge with the EEOC and to completely exhaust the administrative remedies available from the EEOC before filing suit in federal court." Hayes v. Interstate Mgmt. Co., Civil Action No. 1:10-CV-1643-TWT-GGB, 2011 WL 3652289, at *3 (N.D. Ga. Feb. 17, 2011), adopted by 2011 WL 3652252, at *1 (N.D. Ga. Aug. 18, 2011) (citations omitted). "[A]n ADEA plaintiff may not bring any claim in [her] lawsuit that was not included in [her] EEOC charge," and "[t]hus, a plaintiff is precluded from pursuing any claims in a federal court action that are not 'like or related' to the claims asserted by the plaintiff in [her] EEOC charge, or that could reasonably be expected to arise during the course of the EEOC investigation." Id. (citations omitted).

As discussed earlier, plaintiff only alleged age discrimination and retaliation in violation of the ADEA in her EEOC charge, see [Doc. 3-2 at 2-12], but it appears that she alleges an age-based harassment claim in her complaint, see [Doc. 1 at 20-23 ¶¶ 89-101, 27-28 ¶¶ 121-23, 29 ¶ 128]. Plaintiff did not mention any harassment in the allegations detailed in her Initial Charge Letter, and in fact, all of the factual allegations pertain to the investigation into the alleged misappropriations and her discharge. See [Doc. 3-1 at 5-7]. In addition, she indicated that the date of her

discharge, December 19, 2013, was the earliest date that the alleged discrimination took place.  See [id. at 2].  Thus, "[p]laintiff's claim that [s]he was 'harassed' on the basis of [her] age is not sufficiently 'like or related' to [her] claim that [s]he was terminated from [her] job because of [her] age."  Collins, 2012 WL 7802745, at *18.  Because plaintiff failed to exhaust her administrative remedies with respect to her ADEA hostile work environment claim, it is **RECOMMENDED** that this claim be **DISMISSED**.[16]

---

[16] "[E]ven if [p]laintiff had asserted a claim of hostile work environment based on age in [her] EEOC Charge, [her] [c]omplaint is devoid of any facts that would state a plausible claim that [s]he was subjected to a hostile work environment based on [her] age," Collins, 2012 WL 7802745, at *19, as she fails to allege any facts plausibly suggesting that the alleged harassment was because of her age, "let alone that the workplace [was] permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe and pervasive to alter the conditions of [her] employment," Fordham v. Islip Union Free Sch. Dist., 662 F. Supp. 2d 261, 273 (E.D.N.Y. 2009) (alterations in original) (citations and internal marks omitted); see also Beamon v. Tyson Foods, Inc., CASE NO. 4:14-CV-146 (CDL), 2015 WL 6159479, at *1, 5 (M.D. Ga. Oct. 20, 2015) (noting that plaintiff's supervisor's conduct, which included yelling, while "boorish and inappropriate for the workplace, [] was not sufficiently severe or pervasive to alter the terms and conditions of [plaintiff's] employment," and thus did not amount to actionable harassment); Ramseur v. Perez, 80 F. Supp. 3d 58, 78-79 (D.D.C. 2015), aff'd, 2015 WL 5210307, at *1 (D.C. Cir. Aug. 6, 2015) (per curiam) (citations omitted) (finding plaintiff's allegations that she was yelled at in front of her co-workers and once reprimanded without cause insufficient to state a claim for hostile work environment); Nolan v. Swartz Campbell, LLC, No. 2:05-cv-1508, 2008 WL 598291, at *23 (W.D. Pa. Feb. 29, 2008) (finding a supervisor's yelling "reflect[ed] conduct that falls within 'the ordinary tribulations of the workplace'").

## 2.    *Age Discrimination Claim*

The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire or []

discharg[ing] any individual or otherwise discriminat[ing] against any individual

with respect to [her] compensation, terms, conditions, or privileges of employment,

because of such individual's age." E.E.O.C. v. Darden Rests., Inc., CASE NO. 15-

20561-CIV-LENARD/GOODMAN, 2015 WL 6865735, at *3-4 (S.D. Fla. Nov. 9, 2015)

(citation omitted) (quoting 29 U.S.C § 623(a)(1)). "The protected age group is 40 or

older." Eldredge v. EDCare Mgmt., Inc., Nos. 13-61373-Civ, 12-61984, 2014 WL

590336, at *1 (S.D. Fla. Feb. 14, 2014) (citing 29 U.S.C. § 631(a)).

"To state a claim under the ADEA, a plaintiff must allege the following

elements: (1) she was a member of a protected class; (2) she was subjected to an

adverse employment action; (3) she was qualified to do the job; and (4) she was

replaced by or otherwise lost a position to a younger individual."[17] Arafat v. Sch.

Bd. of Broward Cty., 549 F. App'x 872, 875 (11th Cir. 2013) (per curiam) (citation

omitted); Hudson v. Shaw Envtl. & Infrastructure, Inc., 267 F. App'x 892, 893 (11th

---

[17] Although the Supreme Court has not "'definitively decided whether the evidentiary framework of *McDonnell Douglas Corp. v. Green* utilized in Title VII cases is appropriate in the ADEA context,'" the Eleventh Circuit "'ha[s] continued to evaluate ADEA claims based on circumstantial evidence under the *McDonnell Douglas* framework.'" Humphrey v. Napolitano, 517 F. App'x 705, 708 (11th Cir. 2013) (per curiam) (unpublished) (quoting Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 175 n.2 (2009); Sims v. MVM, Inc., 704 F.3d 1327, 1332 (11th Cir. 2013)).

Cir. 2008) (per curiam) (unpublished) (citation omitted). The last element "may also include an analysis of whether similarly situated employees outside the protected class received favorable treatment." Jennings v. City of Tuscaloosa, No. 7:13-cv-00874-LSC, 2013 WL 5299304, at *5 (N.D. Ala. Sept. 19, 2013) (citing Addison v. Ingles Mkts., Inc., 515 F. App'x 840, 844 (11th Cir. 2013) (per curiam) (unpublished); MacPherson v. Univ. of Montevallo, 922 F.2d 766, 774 (11th Cir. 1991)). Additionally, "[u]nder the ADEA, [plaintiff] 'must prove, by a preponderance of the evidence, that age was a 'but-for' cause of the challenged adverse employment action.'" Burke v. Lab. Corp. of Am., No. 8:08ocvo2072oTo24oTGW, 2009 WL 3242014, at *3 (M.D. Fla. Oct. 6, 2009) (quoting Gross, 557 U.S. at 179); see also Hawthorne v. Baptist Hosp., Inc., 448 F. App'x 965, 968 (11th Cir. 2011) (per curiam) (unpublished) (citations omitted); Ficklin v. Bibb Cty. Sch. Dist., Civil Action No. 5:09-CV-191 (MTT), 2011 WL 672327, at *5 (M.D. Ga. Feb. 17, 2011) (citation omitted). As previously noted, "[w]hile a plaintiff need not specifically plead each and every element of a prima facie case of discrimination to survive a motion to dismiss," Dawson v. Wal-Mart Stores E., LP, CIVIL ACTION NO. 2:15-cv-1799-WMA, 2016 WL 212984, at *2 (N.D. Ala. Jan. 19, 2016) (citation omitted), plaintiff's complaint "still must meet the plausibility standard of *Twombly* and *Iqbal*," Eldredge, 2014 WL 590336, at *2 (citation and internal marks omitted), which "[a] plaintiff may meet .

. . by alleging facts showing that similarly-situated employees outside of the protected class (*i.e.*, younger than 40 . . .) were treated more favorably with respect to an employment decision," id. (citations omitted). However, the comparator "must be nearly identical to the plaintiff." Id. (citation omitted).

Plaintiff alleges that "very few employees . . . over the age of forty" worked at SunTrust, and she was "one of the eldest" employees. [Doc. 1 at 20 ¶¶ 89, 91-92]. She also alleges that "Adams has permitted employees who are younger than forty [] years of age and/or who are younger than [p]laintiff to select their own work schedules and not be subject to discipline," and that these "younger employees include but are not limited to, [] Adams, [] Jones, and [] Holliday," but that she was "wrongfully terminated despite [] having been exonerated of any wrong-doing," and "but for [her] status of being over the age of forty [] and/or elder than other employees, [she] would not have received the negative and disparate treatment by [] [Adams]." [Id. at 20 ¶¶ 92, 21 ¶¶ 94-96].[18] In her response to defendants' motion to dismiss, plaintiff states that she has "plead that she was terminated from her

---

[18] Plaintiff actually alleges that this negative and disparate treatment was by "Defendant Bell," but plaintiff has not named any "Defendant Bell" as a party to this action, and since she has acknowledged erroneously labeling another section of her complaint as "Allegations Against Defendant Bell," the Court presumes that this reference to "Defendant Bell" likewise is an error. See [Doc. 1 at 21 ¶ 96]; see also [Doc. 5 at 11].

employment as a result of a single investigation, an event that has not occurred with employees who are younger than [her]."  [Doc. 5 at 14 (citation omitted)].

Plaintiff's complaint does not contain sufficient factual allegations for her age discrimination claim to survive defendants' motion to dismiss.  Indeed, as defendants' correctly argue, plaintiff has failed to allege facts that plausibly support a claim that any similarly situated person outside her protected class was treated more favorably and that any adverse employment action was because of her age. [Doc. 3-1 at 13-14].  Although she alleges that Adams and Jones were "younger employees" who were treated more favorably, neither are adequate comparators because Adams was plaintiff's supervisor, and thus, not nearly identical to plaintiff, and Jones is not outside of the protected class since plaintiff alleges that Jones "is over the age of forty."  [Doc. 1 at 8 ¶ 29, 21 ¶¶ 94-95].  Moreover, plaintiff has not alleged that either Jones, Adams, or Holliday was accused of misconduct similar to the allegations against plaintiff but treated more favorably; rather, plaintiff simply alleges that they were allowed to select their own work schedules and were not subject to discipline.  [Doc. 1 at 22 ¶ 98].[19]  "Absent any allegations of fact suggesting

_____

[19] Plaintiff also argues that Jones had a prior disciplinary history and that Adams was previously arrested.  However, for the same reasons that these allegations failed with respect to plaintiff's § 1981 claim, they fail to establish that Adams and Jones were similarly situated to plaintiff, and thus, are not appropriate comparators.

that the individuals younger than [p]laintiff were similarly situated to [p]laintiff in any relevant respect, the Court cannot reasonably infer that [p]laintiff's age had any bearing on [Adam's] decision to terminate her, let alone that [p]laintiff would not have been terminated but for her age." Pinkney v. Maverick Condo. Ass'n, Inc., No. 6:11-cv-241-Orl-19DAB, 2011 WL 1699928, at *3 (M.D. Fla. May 5, 2011) (citation and internal marks omitted). Accordingly, it is **RECOMMENDED** that plaintiff's age discrimination claim be **DISMISSED** for failure to state a claim.

### 3. *Retaliation Claim*

The ADEA also "prohibit[s] employers from retaliating against employees for engaging in activity protected under the statute, including activity in which the employee opposed an unlawful employment practice or made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADEA].'" Hawthorne, 448 F. App'x at 968 (citation omitted) (quoting 29 U.S.C. § 623(d)). An "ADEA retaliation claim [] is analyzed using the framework for Title VII [retaliation] claims–under the *McDonnell Douglas* framework." Collins v. Compass Grp., Inc., 965 F. Supp. 2d 1321, 1339 (N.D. Ala. 2013), adopted at 1324 (citation omitted) (citing Cofield v. Goldkist, Inc., 267 F.3d 1264, 1267 n.6 (11th Cir. 2001) (per curiam)). Thus, "[t]o establish a *prima facie* case of retaliation under the ADEA, [p]laintiff must present evidence that (1) she engaged in statutorily protected

expression; (2) the employer took action that would have been materially adverse to a reasonable employee; and (3) there was some causal relation between the two events." Danner v. Sumter Cty. Bd. of Educ., No. 7:12-CV-02391-RDP, 2013 WL 754956, at *3 (N.D. Ala. Feb. 26, 2013) (citing Pennington v. City of Huntsville, 261 F.3d 1262, 1266 (11th Cir. 2001)).

Plaintiff has not specified whether her retaliation claim is based on the opposition clause, the participation clause, or both, see generally [Doc. 1]; in any event, however, plaintiff has failed to state a viable claim for retaliation under the ADEA because she has failed to adequately allege that she engaged in protected activity. Plaintiff alleges that she "has historically exercised her protected activity to contest employment practices and behaviors that exhibit less favorable treatment upon [herself] and other employees who are over forty [] years of age." [Doc. 1 at 24 ¶ 105]. Specifically, plaintiff argues that she "engaged in the activity of defending herself from a complaint that was submitted to her employer," [Doc. 5 at 10], and that she "participated in the protected activity of continuing to work despite being subjected to negative treatment resulting from [her] favorable interaction with the general public," [id.]. First, plaintiff's conclusory allegation that she has historically exercised her protected activity is insufficient to show that she engaged in activity protected under the ADEA. See Golfin v. Alorica Inc., No. 8:15-cv-127-T-36TGW,

2015 WL 1862932, at *4 (M.D. Fla. Apr. 23, 2015) (finding plaintiff's "conclusory allegation that [she] attempted to exercise her rights" cannot "support the element of 'protected activity' in her retaliation claim"). Also, it is clear from plaintiff's remaining allegations that her actions do not constitute protected activity under the ADEA as she has not "opposed any practice made unlawful by th[e] [ADEA]," nor at the time of the alleged retaliatory action had she "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under th[e] [ADEA]." 29 U.S.C. § 623(d); <u>see also</u> <u>Sridej v. Brown</u>, 361 F. App'x 31, 35 (11th Cir. 2010) (per curiam) (unpublished); <u>Bond v. Dep't of Air Force</u>, 202 F. App'x 391, 396-97 (11th Cir. 2006) (per curiam) (unpublished) (citations omitted); <u>Butler v. Emory Univ.</u>, 45 F. Supp. 3d 1374, 1384 (N.D. Ga. 2014) ("[I]f [plaintiff] did not oppose a Title VII violation, he could not have engaged in conduct that is protected by the anti-retaliation provision."); <u>Smith v. Wynfield Dev. Co.</u>, 451 F. Supp. 2d 1327, 1349 (N.D. Ga 2006). Because plaintiff's complaint does not plausibly allege that she has engaged in protected activity, she does not state a claim for retaliation under the ADEA, <u>see</u> <u>Dobias-Davis v. Amazon.com.kydc, LLC</u>, Civil Action No. 3:15-cv-00393-JAG, 2016 WL 153085, at *4 (E.D. Va. Jan. 11, 2016), and it

is therefore **RECOMMENDED** that plaintiff's ADEA retaliation claim be **DISMISSED**.[20]

### d. State Law Claims

Plaintiff also alleges state law claims of defamation; libel; slander; negligent supervision, retention, and hiring; and intentional and negligent infliction of emotional distress. [Doc. 1 at 30-37 ¶¶ 130-64]. Defendants move to dismiss all of plaintiff's state law claims, except for her claim of intentional infliction of emotional distress. [Doc. 3-1].

Although supplemental jurisdiction may be exercised over state law claims related to federal claims in any action in which the Court has original jurisdiction, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988) (footnote and citation omitted). Indeed, "[t]he federal courts of appeals[] . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims," Scarfo v. Ginsberg, 175 F.3d 957, 962

---

[20] Plaintiff also cites Title VII in her ADEA retaliation claim, [Doc. 1 at 23 ¶ 102]; however, none of the allegations contained within this claim relate to any of the protected characteristics under Title VII, see [id. at 23-27 ¶¶ 102-19].

(11th Cir. 1999) (citations omitted), and the Eleventh Circuit has therefore "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial," <u>Young v. City of Gulf Shores</u>, Civil Action No. 07-0810-WS-M, 2009 WL 920302, at *1 (S.D. Ala. Apr. 2, 2009) (citing <u>Raney v. Allstate Ins. Co.</u>, 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam)).

Since plaintiff has failed to allege any viable federal claims, if the recommendation to dismiss all the federal claims is adopted, it is **RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims for defamation; libel; slander; negligent supervision, retention, and hiring; and negligent and intentional infliction of emotional distress, and dismiss those claims without prejudice. <u>See</u> <u>Ingram v. Sch. Bd. of Miami-Dade Cty.</u>, 167 F. App'x 107, 108-09 (11th Cir. 2006) (per curiam) (unpublished) (citation omitted) (noting where federal claims are dismissed before trial, dismissal of state claims is "strongly encourage[d] or even require[d]"); <u>see also</u> <u>Coleman v. Walmart</u>, No. 6:14-CV-672-Orl-22GJK, 2015 WL 1257064, at *6 (M.D. Fla. Mar. 18, 2015), adopted at *1 (finding federal claims should be dismissed and recommending that the court decline to exercise supplemental jurisdiction over remaining state law claims and dismiss them without prejudice"); <u>Anderson v. Dunbar Armored, Inc.</u>, 678 F. Supp. 2d 1280, 1327 (N.D. Ga. 2009), adopted at 1290 (finding the only

remaining claims were state law claims and those "claims [we]re better left for the

Georgia courts").[21]

---

[21] Wilson and Wall Street have not filed answers to plaintiff's complaint or moved to dismiss her claims, nor have they responded to plaintiff's motion to amend. Plaintiff filed her initial complaint in this Court on July 21, 2015, [Doc. 1], but the Court's docket does not reflect that Wilson or Wall Street have been properly served with process in this case. Rule 4(m) was amended, effective December 1, 2015, to reduce the time for perfecting service from 120 days to 90 days. However, because this action was filed prior to the effective date of the amendment, the Court will apply the 120-day limit. See Jackson v. Goldco, LLC, CASE NO. 1:14-CV-119 (LJA), 2016 WL 1259405, at *3 n.1 (M.D. Ga. Mar. 29, 2016). "Where, as here, plaintiff[] failed to serve [Wilson and Wall Street] properly within the [120-day] period allotted under the Federal Rules of Civil Procedure, 'the court–on motion or it own initiative after notice to the plaintiff–must dismiss the action without prejudice against th[ose] defendant[s] or order that service be effected within a specified time.'" Anderson, 678 F. Supp. 2d at 1296 (quoting Fed. R. Civ. P. 4(m)). "'But if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.'" Id. (quoting Fed. R. Civ. P. 4(m)). Plaintiff has not sought an extension of time in which to serve either defendant or shown good cause for her failure to serve them. If a plaintiff "fails to show good cause for failing to timely effect service, a court 'must still consider whether any other circumstances warrant an extension of time based on the facts of the case.'" Duncan v. CCA McRae Corr. Facility, No. CV 308-047, 2009 WL 1151620, at *1 (S.D. Ga. Apr. 27, 2009), adopted at *1 (quoting Lepone-Dempsey v. Carroll Cty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007)). "Nevertheless, the decision to extend the time for service is within the Court's sound discretion." Id. The Court finds no circumstances on the record before it that warrant an extension of time for plaintiff to serve Wilson or Wall Street. Because 120 days have now passed since plaintiff first filed her initial complaint naming Wilson and Wall Street as defendants, it is hereby **RECOMMENDED** that the claims against Wilson and Wall Street be **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to serve. To the extent required by Local Rule 41.2B, this Report and Recommendation serves as notice to plaintiff that her case against Wilson and Wall Street is subject to dismissal. Anderson, 678 F. Supp. 2d at 1296 (emphasis and citations omitted) ("This Report and Recommendation . . . serves as notice to Plaintiff[] that if [she] disagree[s] with this recommendation, [she] must file timely objections . . . with the District Court,

## B.    Plaintiff's Motion to Amend Complaint, [Doc. 10]

Plaintiff moves to amend her complaint to clarify claims and correct defendants. [Doc. 10 at 1]. In particular, plaintiff asserts that her proposed amended complaint "addresses the issues that were raised within [d]efendants' [m]otion to [d]ismiss and corrects said issues" and contains additional factual information that was acquired by recent additional investigation and inquiries.[22]    [Id. at 2-3]. Defendants respond that plaintiff's motion to amend should be denied because her proposed amended complaint is not a short and plain statement showing she is entitled to relief and any amendment is futile given that the amended complaint would still be properly dismissed.[23]    [Doc. 11 at 3].

_____

setting forth appropriate evidence and arguments why [her] failure to serve [Wilson and Wall Street] should not result in the dismissal of [her] claims against [them].").

[22] Plaintiff asserts that defendants' corporate disclosures showed that Nordstrom, Inc. is "a corporate entity that has a financial interest in this action." [Doc. 10 at 2]. However, since plaintiff has not included any proposed amendments to her complaint that pertain to this entity, see generally [Doc. 10-1], the Court presumes that this allegation was an error.

[23] To the extent defendants claim that plaintiff's motion to amend should be denied because of repeated failures to cure deficiencies, see [Doc. 11 at 6], while defendants have informed plaintiff of deficiencies in their motion to dismiss, "the Court has not previously had the opportunity to point out and address any of these claimed deficiencies," and "[t]hus, [plaintiff] has not 'repeatedly [] failed to cure deficiencies through previously allowed amendments,'" Nodd v. Integrated Airline Servs., Inc., 41 F. Supp. 3d 1355, 1368 (S.D. Ala. 2014), adopted at 1356 (footnote and citations omitted).

### 1.    *Standard*

"[C]onsistent with Rule 15(a)'s mandate that 'leave shall be freely given when justice so requires,' district courts should generously allow amendments even when the plaintiff does not have the right to amend the complaint."  <u>Williams v. Bd. of Regents of the Univ. Sys. of Ga.</u>, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) (citations omitted) (quoting Fed. R. Civ. P. 15(a)).  That is, "[a] district court should not deny leave to amend 'unless there is a substantial reason.'"  <u>Whitby v. Chertoff</u>, Civil Action No. 5:08-CV-242 (HL), 2010 WL 431974, at *1 (M.D. Ga. Feb. 2, 2010) (quoting <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1319 (11th Cir. 1999)); <u>see also</u> <u>Reese v. Herbert</u>, 527 F.3d 1253, 1263 (11th Cir. 2008) (alteration in original) (citation and internal marks omitted) (noting that "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment" qualify as such "substantial ground[s]").

Courts, however, need not grant an opportunity to amend where amendment would be futile.  <u>Bryant v. Dupree</u>, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam) (citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)); <u>see also</u> <u>Degirmenci v. Sapphire-Ft. Lauderdale, LLLP</u>, 693 F. Supp. 2d 1325, 1353 (S.D. Fla. 2010) (citing <u>Hall v. United</u>

Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (Although Rule 15(a) provides that leave should be freely given, "a court may properly deny leave to amend where as here amendment would be futile.")).  If it appears beyond doubt that plaintiff could not plead a claim for relief that is plausible on its face, an amendment would be futile.  See Coates v. Natale, Civil Action No. 5:09–cv-423 (CAR), 2010 WL 749630, at *1-2 (M.D. Ga. Mar. 1, 2010), aff'd, 409 F. App'x 238 (11th Cir. 2010) (per curiam) (unpublished); Ardaman & Assocs., Inc. v. Travelers Cas. & Surety Co. of Am., No. 3:08cv144/MCR, 2009 WL 161203, at *8 (N.D. Fla. Jan. 22, 2009) (citation omitted).  That is, "[a]mendments that would not withstand a motion to dismiss are futile," Fareed v. Cobb Cty. Sch. Dist., Inc., Civil Action No. 1:13-CV-03160-RWS, 2014 WL 2808221, at *1 (N.D. Ga. June 20, 2014) (citing Fla. Power & Light Co. v. Allis Chalmers Corp., 85 F.3d 1514, 1520-21 (11th Cir. 1996)), and a proposed amendment may therefore "be denied for futility 'when the complaint as amended would still be properly dismissed,'" Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam) (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (per curiam)); see also St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 822 (11th Cir. 1999) (citations omitted) (finding leave to amend properly denied for futility where "the complaint, as amended, would necessarily fail").

2. *Analysis*

Plaintiff moves to amend her complaint to remove Wall Street as a party defendant; to add a race-based retaliation claim under Title VII; to bring intentional and negligent infliction of emotional distress against all defendants, not just Adams and Wilson as in the initial complaint; and to add a claim for attorney's fees pursuant to 42 U.S.C. § 1988. See [Doc. 10-1]. Although plaintiff's proposed amended complaint contains an additional 35 pages and 185 paragraphs, as defendants argue, it "scarcely provides any new factual content and does nothing to address the fatal deficiencies" of her original complaint. [Doc. 11 at 2]. Rather, the proposed amended complaint simply repeats the factual allegations contained in her initial complaint's preliminary statement of facts section in each count in her proposed amended complaint, while adding few additional factual allegations and several legal conclusions. Compare [Doc. 10-1], with [Doc. 1]. The Court will address the specific additions with regard to each count in plaintiff's proposed amended complaint.

a. **Short and Plain Statement of Plaintiff's Claims**

Plaintiff's proposed amended complaint consists of 77 pages, 351 paragraphs, and twelve counts. See [Doc. 10-1]. In their opposition to plaintiff's motion to amend her complaint, defendants first argue that the Court should deny plaintiff's

motion to amend because her proposed complaint is not a short and plain statement of her claims and thus fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure.  [Doc. 11 at 3].

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); see also Skinner v. Switzer, 562 U.S. 521, 530 (2011) (citation omitted) ("Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument.").  "The statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse part[ies] fair notice of the claim asserted so as to enable [them] to answer and prepare for trial," and "[t]he statement should be short because [u]nnecessary prolixity in a pleading places an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (fourth alteration in original) (citations and internal marks omitted); see also Rudolph v. Barber, Civil Action No. 12-0263-WS-M, 2012 WL 6758695, at *3 (S.D. Ala. Oct. 31, 2012) (citations omitted), adopted by 2013 WL 28281, at *1 (S.D. Ala. Jan. 2, 2013).  "A district court may dismiss a complaint for failure to comply with

Rule 8(a)(2) if the plaintiff can prove no facts that would entitle [her] to relief." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished) (citing Swierkiewicz, 534 U.S. at 514).

Although plaintiff's proposed amended complaint is not a "short and plain statement" of her claims, see Harrison v. Bd. of Regents of Univ. Sys. of Ga., 519 F. App'x 641, 643 (11th Cir. 2013) (per curiam) (unpublished) (citation omitted) (An amended complaint "at 82 pages and 295 paragraphs in length, could not be characterized as 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"), and the Court could order her to file an amended complaint that complies with Rule 8(a)(2), "the Court is ultimately convinced that it is not the best use of the Court's resources because: (1) the Court has taken the time to read and decipher those claims that [p]laintiff has brought" in her amended complaint; and "(2) the Court ultimately concludes that any [second] amended complaint would require dismissal for the [same] reasons stated [in this Report and Recommendation]," Dinkins v. Leavitt, Civil Action File No. 1:07-CV-486-TWT, 2008 WL 447503, at *6 (N.D. Ga. Feb. 13, 2008), adopted at *1, aff'd, 315 F. App'x 171 (11th Cir. 2008) (per curiam) (unpublished).[24]

---

[24] Plaintiff argues that Dinkins, which was relied on by defendants to support their argument that the amended complaint fails to comply with Rule 8(a), was "decided at the summary judgment stage," giving the plaintiff the benefit of discovery. [Doc. 13 at 5 (citing Dinkins, 315 F. App'x at 171)]. However, in Dinkins,

### b.    Exhaustion of  Administrative Remedies

In her initial complaint, plaintiff alleged claims of race and color discrimination in violation of Title VII and claims for hostile work environment in violation of both Title VII and the ADEA.  [Doc. 1].  In her proposed amended complaint, plaintiff brings these same claims and the additional claim of retaliation in violation of Title VII.  [Doc. 10-1].  Defendants contend that plaintiff's amended complaint is futile with regard to her Title VII claims and her ADEA harassment claim because she failed to exhaust her administrative remedies.  [Doc. 11 at 8].  In particular, defendants assert that plaintiff did not "assert[] a claim of race discrimination or race- or age-based harassment in her EEOC [c]harge," and that although she "now appears to include a claim of retaliation under Title VII," her "failure to invoke Title VII in her EEOC charge–much less make a single allegation that she ever complained of race-based or any other form of unlawful discrimination–precludes her from asserting this claim."  [Id. at 8-9 (footnote and citations omitted)].

---

the defendant actually filed a motion to dismiss that was converted to a summary judgment motion by the Court, even though the court concluded that "it probably could construe [d]efendant's motion as a motion to dismiss," but it erred on the side of caution as plaintiff had treated defendant's motion as one for summary judgment. 2008 WL 447503, at *2.  Thus, plaintiff's argument is without merit.

As noted earlier, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC prior to filing suit under Title VII and the ADEA, and she may not bring any claim that was not included in her EEOC charge, that was not like or related to the claims asserted or could not be reasonably expected to grow out of the claims in her EEOC charge, or that were not investigated by the EEOC. Anderson, 379 F. App'x at 926 (citations omitted); Hayes, 2011 WL 3652289, at *3 (citations omitted); Atlanta Family Rests., Inc., 752 F. Supp. at 1580. Plaintiff has not responded to defendants' arguments that her Title VII claims are futile because she failed to exhaust her administrative remedies. See [Doc. 13 at 9-10]. Indeed, in another section of her reply, she concedes that the EEOC's administrative process "focused on her status as an employee over the age of forty," and thus "concedes [] any race-based discrimination claim under Title VII."[25] [Id. at 9 n.1]. With respect to her other Title VII claims and her ADEA harassment claim, "plaintiff has not asserted any new factual allegations in [her] amended complaint to show that [s]he has in fact exhausted [her] administrative remedies with regard to [her] Title VII claims [and her ADEA harassment claim]," and "the allegation in [her] amended

---

[25] Plaintiff does submit that "the issue of [] race was addressed within a supplemental response that was provided to the EEOC on April 20, 2015," [Doc. 13 at 9 n.1]; however, as outlined above, the Court will not consider these emails, and even if the Court did, contrary to plaintiff's assertion, the emails indicate that race was not addressed by the EEOC, see [Doc. 5-1 at 2-12; Doc. 13-1 at 2-12].

complaint that [s]he has exhausted [her] administrative remedies is the exact same allegation contained in [her] original complaint." Quach v. Paragon Sys. Inc., CIVIL ACTION FILE NO. 1:15-cv-00750-RWS-RGV, 2016 WL 1211853, at *5 (N.D. Ga. Feb. 26, 2016), adopted by 2016 WL 1182187, at *1 (N.D. Ga. Mar. 28, 2016) (citations omitted); see also [Doc. 1 at 3 ¶ 3; Doc. 10-1 at 3 ¶ 3]. Therefore, for the reasons stated with respect to her original complaint, plaintiff has failed to exhaust her administrative remedies for her hostile work environment claims under the ADEA and Title VII and her claims of race and color discrimination and retaliation under Title VII, making any proposed amendment futile. Quach, 2016 WL 1211853, at *5 (citation omitted); see also Sparks v. Johnson, CIVIL ACTION NO. 5:14-CV-352 (MTT), 2015 WL 5317459, at *1 n.1 (M.D. Ga. Sept. 10, 2015) ("Because the [p]laintiff's proposed amendment does not address his failure to exhaust, amendment would be futile."); Wong v. Master Cleaners, Inc., Civ.A.05-0416-CG-M, 2005 WL 2094842, at *3 (S.D. Ala. Aug. 25, 2005) (denying plaintiff's motion to amend and granting defendant's motion to dismiss where "plaintiff's claims . . . [were] barred for failure to exhaust administrative remedies"). Accordingly, it is **RECOMMENDED** that plaintiff's motion to amend her complaint to assert Title VII claims and a claim for hostile work environment under the ADEA be **DENIED**.

### c. Similarly Situated Comparator

As in her initial complaint, plaintiff brings claims for race and age discrimination in violation of § 1981 and the ADEA in counts one and three of her proposed amended complaint. [Doc. 10-1 at 7-14 ¶¶ 24-61, 23-30 ¶¶ 102-40]. Defendants argue that plaintiff's "[p]roposed [a]mended [c]omplaint fails to allege additional facts showing that the alleged comparators were involved in or accused of the same or similar conduct as [p]laintiff but were disciplined in different ways," and thus, "amendment of the pleadings is futile and should therefore be denied." [Doc. 11 at 8]. In particular, defendants point out that plaintiff "wholly failed to plead additional facts showing that [] Jones or others are similarly situated to [herself]," and instead, plaintiff "repeats her allegation of 'prior disciplinary history' seven [] times without [providing] any further detail regarding the nature of that alleged disciplinary history." [Id. at 7 (citation omitted)].

Plaintiff seeks to add the following factual allegations to her § 1981 claim in count one of her proposed amended complaint:

32. Prior to the passing of [] Gates, Plaintiff completed financial transactions pursuant to the request of her brother . . . Gates.

\* \* \*

40. Plaintiff shows that throughout the investigation in any wrongdoing, Plaintiff repeatedly and consistently contested and disputed any allegation of wrongdoing that had been made

against her. Plaintiff sought to avail herself of all internal policies and procedures so as to exonerate herself from any allegations of wrongdoing.

\* \* \*

48. Plaintiff contested any and all allegations that she had committed any acts of wrongdoing during the course of the investigation that Plaintiff engaged in wrongdoing during the management of her brother's financial affairs.

\* \* \*

54. Defendant Wilson failed to act upon Plaintiff's complaints that were made to Defendants regarding the acts of harassment, humiliation and intimidation that Defendant Adams committed against Plaintiff.

\* \* \*

57. Defendant Wilson permitted Defendant Adams['] acts of harassment, humiliation and intimidation of Plaintiff to continue without providing any intervention upon Defendant Adams, which included a failure to require training and the imposition of discipline against Defendant Adams for her mistreatment of Plaintiff.

\* \* \*

60. The Corporate Defendant is liable for the acts of its individual managerial defendants Adams and Wilson for the actions that Defendants Adams and Wilson have in the scope of and during the course of their employment with the Corporate Defendants[.]

[Doc. 10-1 at 9 ¶ 32, 10 ¶ 40, 11 ¶ 48, 13 ¶¶ 54, 57, 14 ¶ 60].[26] Plaintiff also seeks to add the following factual allegations to her age discrimination claim under the ADEA in count three of her proposed amended complaint:

128.  Plaintiff shows that younger employees, including employees who are under the age of forty (40) such as [] Adams, [] Jones and [] Holliday and others have been permitted to remain employed with Defendants despite having a prior disciplinary history.

* * *

134.  Defendant Wilson, in her capacity as Defendant Adams' immediate supervisor, permitted Defendant Adams to engage in the conduct of intimidation and harassment and humiliation of Plaintiff so as to diminish Plaintiff's positive work for Defendants and positive relationship with the customers of the Corporate Defendant despite the fact that Plaintiff produced the most financial revenue for Defendants of all the employees who were employed at the Forest Park Branch of SUN TRUST BANK. Plaintiff shows that employees who are under the age of forty (40) including [] Adams, [] Jones and [] Holliday, and others are not subject to the treatment that is described herein.

* * *

136.  Defendant Wilson permitted Defendant Adams to publically [sic] mistreat, embarrass and humiliate Plaintiff without correcting said behaviors despite the fact that Defendant Wilson has been notified of Defendant Adams' actions that she had engaged in a campaign of harassment, humiliation and intimidation against Plaintiff.

---

[26] Plaintiff also added some factual allegations to her § 1981 claim that had been included in her initial complaint's preliminary statement of facts. See [Doc. 10-1 at 9 ¶¶ 30, 33]; [Doc. 1 at 7 ¶ 23, 8 ¶ 27].

137.     Defendant Wilson wrongfully permitted Defendant Adams to terminate Plaintiff's employment despite the fact that Plaintiff was exonerated of any allegations or wrong-doing. Employees who are under the age of forty (40) such as [] Adams, [] Jones and [] Holliday, and others have not been subjected to disciplinary action, much less termination, after being exonerated as such has occurred against Plaintiff.

138.     . . . . Employees who are under the age of forty (40) such as [] Adams, [] Jones and [] Holliday, and others have not been subjected to, such treatment as such has occurred against Plaintiff.

139.     Through Defendant Wilson's failure to act to prevent Defendant Adams' actions by way of terminating Plaintiff's employment and permitting Defendant Adams to continue to issue negative references regarding Plaintiff has subjected Plaintiff to treatment that is not endured by employees who are under the age of forty (40) such as [] Adams, [] Jones and [] Holliday, and others have not been subjected to the treatment that has occurred against Plaintiff as described herein.

[Id. at 27 ¶ 128, 28-29 ¶ 134, 29-30 ¶¶ 136-39].[27]

In order to state a claim for employment discrimination under both § 1981 and

the ADEA, plaintiff must show that she "'was treated less favorably than a similarly-

situated individual outside [her] protected class.'" DeLeon, 684 F. Supp. 2d at 1327

---

[27] Plaintiff also repeats the allegations contained in paragraphs 32 , 40, 48, 54, and 57 of her § 1981 claim, which the Court outlined above, in her ADEA discrimination claim. [Doc. 10-1 at 24 ¶ 111, 25 ¶ 118, 27 ¶ 126, 29 ¶ 135, 29-30 ¶ 138]. In addition, plaintiff has removed her statement incorporating facts from her preliminarily statement of facts and her § 1981 claim and instead merely repeats those facts in the same or very similar language to those contained in her initial complaint. See [id. at 23 ¶ 106, 24 ¶¶ 107-10, 112, 25 ¶¶ 113-17, 119, 26 ¶¶ 120-25, 27 ¶¶ 127, 129, 28 ¶ 133].

(citation omitted); see also MacPherson, 922 F.2d at 774. In order to be an adequate comparator, plaintiff must show that the individual is "similarly situated in all relevant aspects." Hale, 2014 WL 7012772, at *12 (citation and internal marks omitted). That is, the comparator's misconduct must be "nearly identical" to that of the plaintiff's. Maniccia, 171 F.3d at 1368-69 (citation omitted); Eldredge, 2014 WL 590336, at *2 (citation omitted).

Plaintiff's proposed amended complaint does not contain sufficient factual allegations for her race or age discrimination claims to survive defendants' motion to dismiss. As defendants correctly contend, [Doc. 11 at 7], the additional factual allegations fail to provide any further detail about the alleged "prior disciplinary history" or provide any more details pertaining to any other similarly situated individual, see generally [Doc. 10-1]. Plaintiff does not argue to the contrary, and in fact, she admits that she "is not in possession of [this] information as to [] Jones or any other comparators." [Doc. 13 at 7 (admitting she only knows that Jones is a Caucasian personal banker)]. Thus, for the reasons discussed with respect to her original complaint, any amendment to plaintiff's race and age discrimination claims under § 1981 and the ADEA would be futile because these claims, as pleaded in her proposed amended complaint, would not withstand a motion to dismiss. See Patel v. Ga. Dep't BHDD, 485 F. App'x 982, 983 (11th Cir. 2012) (per curiam)

(unpublished) (concluding plaintiff's amendment would be futile as he failed to allege a comparator, among other things); <u>Parra v. City of White Plains</u>, 48 F. Supp. 3d 542, 554 (S.D.N.Y. 2014) (finding plaintiff's amended complaint failed to state a claim for race discrimination as "she fail[ed] to allege a valid comparator, and thus provide[d] no basis to infer she was treated differently because of her race"). Accordingly, it is **RECOMMENDED** that plaintiff's motion to amend her complaint with regards to her § 1981 race discrimination claim and her ADEA age discrimination claim be **DENIED**.

### d. Section 1981 Hostile Work Environment Claim

Plaintiff also appears to assert a claim for hostile work environment in violation of § 1981 in her proposed amended complaint. [Doc. 10-1 at 7-14 ¶¶ 24-61]. Defendants argue that "the allegations [in plaintiff's initial complaint] make clear that any alleged unfriendly treatment resulted from professional disagreements, personal jealously, and workplace competition – not [p]laintiff's . . . race[] or other protected status," and plaintiff merely re-alleges these allegations in her proposed amended complaint "wholesale without further amendment." [Doc. 11 at 10-11 (citations omitted)].

Although her proposed amended complaint provides additional allegations regarding her § 1981 claim,[28] she still fails to show that the alleged harassment was because of her protected characteristic. As defendants point out, plaintiff re-alleges that the alleged harassment was the "result of the positive relationships that [p]laintiff created during the course of her employment," and Adams' effort "to establish dominance over [p]laintiff" and "to diminish [p]laintiff's positive work for [d]efendants and positive relationship with the customers," [Doc. 10-1 at 8 ¶ 28, 12 ¶ 53], none of which indicates that Adams was motivated by plaintiff's race, color, or ethnicity, but instead by reasons completely unrelated to plaintiff's protected characteristics, Phillips, 2011 WL 2680725, at *7.[29] Without additional factual allegations in the proposed amended complaint to suggest that Adams' alleged treatment of plaintiff was based on any characteristic protected under § 1981, plaintiff cannot state a claim for a hostile work environment, and thus, any amendment to such claim is futile. See Parra, 48 F. Supp. 3d at 552 (citation omitted) ("[P]laintiff's race-based hostile work environment claims are not plausibly pleaded

_____

[28] These additional allegations were identified in the discussion of plaintiff's § 1981 race-based discrimination claim.

[29] Plaintiff also re-alleges the conclusory statements that she would not have been subjected to this treatment but for her race and that defendants created a hostile work environment, [Doc. 10-1 at 8 ¶ 26, 12 ¶ 51, 14 ¶ 59], but as stated above during the discussion of defendants' motion to dismiss plaintiff's § 1981 harassment claim, these statements are not sufficient to state a claim.

because plaintiff offers little if any reason to believe defendants' actions had anything to do with her race."). Accordingly, it is **RECOMMENDED** that plaintiff's motion to amend her complaint to clarify her § 1981 harassment claim be **DENIED**.

### e.    ADEA Retaliation Claim

Plaintiff's only remaining federal claim in her proposed amended complaint alleges retaliation in violation of the ADEA.   [Doc. 10-1 at 30-40 ¶¶ 141-84]. Defendants assert that plaintiff's proposed amendment to her ADEA retaliation claim is futile because she still fails to allege facts showing she engaged in protected activity, and even if she made complaints, she "fails to allege any facts indicating that those complaints were based on a belief that [] Adams mistreated her because of her . . . age." [Doc. 11 at 12-13 (citations omitted)].  Specifically, defendants point out that the "sole paragraph in both the [i]nitial *and* the [p]roposed [a]mended [c]omplaint pertaining to protected activity is a single allegation that '[p]laintiff has historically exercised her protected activity to contest employment practices and behaviors that exhibit less favorable treatment upon [p]laintiff and other employees who are over forty (40) years of age.'" [Id. at 13 (citations omitted)].

Plaintiff seeks to add the following allegations to her retaliation claim:

149.    . . . . Such has not occurred against the employees who are under the age of forty (40) and/or Caucasian.  The treatment described herein constitutes an adverse employment action as such

resulted in a material alteration of Plaintiff's employment conditions with Defendants.

150.    . . . . The treatment described herein constitutes an adverse employment action as such resulted in a material alteration of Plaintiff's employment conditions with Defendants.

151.    Defendant Adams' actions by way of berating, yelling at and degrading Plaintiff in the presence of others were not taken against other Personal Bankers who are younger than Plaintiff and who are also under the age of forty (40) and/or are Caucasian to include, [] Adams, [] Jones and [] Holliday. The treatment described herein constitutes an adverse employment action as such resulted in a material alteration of Plaintiff's employment conditions with Defendants.

* * *

167.    . . . . Such termination constitutes an adverse action and also a material alteration of Plaintiff's condition of employment.

* * *

179.    . . . . Said failure to act occurred in retaliation of Plaintiff complaining against Defendants Adams' treatment of Plaintiff, which constituted an adverse employment action and also a material alteration of Plaintiff's employment conditions.[30]

[Doc. 10-1 at 32-33 ¶¶ 149-51, 35 ¶ 167, 38 ¶ 179 (footnote added)].[31]

_____

[30] This allegation is repeated in paragraphs 180 through 183. See [Doc. 10-1 at 38-40 ¶¶ 180-83].

[31] The first two sentences in paragraph 149 and the first sentence in paragraph 150 merely repeat verbatim the allegations contained in paragraphs 52 and 53 in plaintiff's initial complaint. [Doc. 10-1 at 32-33 ¶¶ 149-50]; [Doc. 1 at 12-13 ¶¶ 52-53]. Plaintiff has repeated the allegations contained in paragraphs 32, 40, 54, 134, 136, 137, 138, 139, and 140 of her § 1981 and ADEA discrimination claims, which the

As noted, a prima facie case for retaliation under the ADEA requires that the plaintiff prove that she engaged in statutorily protected activity, suffered a materially adverse action, and that there was a causal relationship between the activity and the adverse action. Danner, 2013 WL 754956, at *3 (citation omitted). Plaintiff again fails to specify whether her retaliation claim is based on the opposition or the participation clause, see [Doc. 10-1], and plaintiff still fails to state a claim for ADEA retaliation under either clause because she has not alleged additional facts to suggest that she engaged in protected activity. As defendants point out, plaintiff again alleges that she has "historically exercised her protected activity to contest employment practices and behaviors that exhibit less favorable treatment upon [p]laintiff and other employees who are over forty [] years of age." [Doc. 10-1 at 31 ¶ 145]; see also [Doc. 1 at 24 ¶ 105]. However, for the reasons previously discussed, this conclusory allegation is not sufficient. While plaintiff does allege that she complained of Adams' harassment, humiliation, and

_____

Court outlined earlier, in her ADEA retaliation claim. [Doc. 10-1 at 33 ¶ 154, 34 ¶ 161, 37 ¶ 177, 38-39 ¶¶ 178-82, 40 ¶ 183]. In addition, plaintiff has removed her statement incorporating facts from her preliminarily statement of facts and her § 1981 claim and instead merely repeated those facts in the same or very similar language to those contained in her initial complaint. See [id. at 33 ¶¶ 152-53, 155, 34 ¶¶ 156-60, 162, 35 ¶ 163-67, 37 ¶ 176]. Plaintiff also corrected a section in this claim to "Allegations Made Against Defendant Adams," [id. at 32], as the initial complaint contained an error, see [Doc. 1 at 25 ("Allegations Made Against Defendant Bell")].

intimidation, [Doc. 10-1 at 36 ¶ 172, 38 ¶¶ 178-79, 39 ¶¶ 181-82, 40 ¶ 183], she has not

alleged that her internal complaints involved her protected characteristic under the

ADEA, and it is not apparent from the allegations of her proposed amended

complaint that any of her complaints were in fact based on a protected characteristic,

see [id. at 30-40 ¶¶ 141-84].  She "does not, for instance, allege that [s]he ever filed

an internal complaint concerning [age] discrimination or [] harassment." Salazar v.

Hostmark, No. CV 112-145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted

by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012).  Indeed, as defendants correctly

point out, "it is not enough for [] plaintiff to show that she opposed garden-variety

unfairness or harsh treatment in the workplace; she is only protected from

retaliation if the practice she opposed or complained about is specifically prohibited

by [the ADEA]."  Fields v. Locke Lord Bissell & Liddell LLP, Civil Action File No.

1:07-CV-2984-TWT, 2009 WL 2341981, at *12 (N.D. Ga. July 28, 2009), adopted at *1;

see also Sobon v. Horizon Eng'g Assocs., LLP, No. 5:13-CV-1431 (GTS/TWD), 2014

WL 4889340, at *10 (N.D.N.Y. Sept. 30, 2014) (noting "[p]laintiff's claims that

[d]efendant was unusually harsh toward her, berated her in front of coworkers, and

deliberately embarrassed her were not age-related" and therefore were not

prohibited by the ADEA).  "Because the [proposed] amended complaint does not

plausibly allege plaintiff ever complained of [age]-based discrimination, [] plaintiff

cannot establish a[n] [age]-based retaliation claim," Parra, 48 F. Supp. 3d at 553, and

thus, any amendment would be futile.[32]  Accordingly, it is **RECOMMENDED** that

plaintiff's motion to amend her complaint to clarify her ADEA retaliation claim be

**DENIED**.[33]

## III.  CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that defendants' motion to

dismiss, [Doc. 3], be **GRANTED**, that plaintiff's motion for leave to amend her

complaint, [Doc. 10], be **DENIED**, that plaintiff's federal claims be **DISMISSED**

**WITH PREJUDICE**, that the Court decline to exercise supplemental jurisdiction

over the remaining state law claims and **DISMISS** those claims without prejudice,

---

[32] In her reply brief in support of her motion to amend, plaintiff again asserts that "she engaged in protected activity by defending herself during the misappropriation investigation."  [Doc. 13 at 10]; see also [Doc. 5 at 10].  However, for the reasons previously stated, her defense in the misappropriation investigation does not constitute protected activity under the ADEA, and thus, plaintiff's argument is without merit.

[33] Since plaintiff's proposed amended complaint still fails to allege any viable federal claims, it is **RECOMMENDED** that her motion to amend her complaint to assert state law claims be **DENIED** and that the District Court decline to exercise supplemental jurisdiction over the remaining state law claims.  Plaintiff also seeks to add a claim for attorney's fees pursuant to 42 U.S.C. § 1988.  [Doc. 10-1 at 75 ¶¶ 349-51].  However, it is clear that granting plaintiff's motion to add this claim for attorney's fees would "have no bearing on the ultimate outcome of this action," Washington v. Dep't of Human Res., 759 F. Supp. 825, 827 (M.D. Ga. 1991), aff'd, 972 F.2d 1350 (11th Cir. 1992) (unpublished), as plaintiff has failed to state a claim under § 1981, see 42 U.S.C. § 1988(b).

and that the claims against Wall Street and Wilson be **DISMISSED WITHOUT PREJUDICE** for failure to serve.

The Clerk of Court is **DIRECTED** to terminate this referral.

**IT IS SO RECOMMENDED**, this 28th day of April, 2016.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE